MEMORANDUM DECISION ON MOTION FOR REHEARING
Plaintiff-appellant, Jesse Hamilton, has moved for "rehearing" of our prior judgment in this matter, a Journal Entry of Dismissal filed on August 24, 1999. Appellant's motion will be addressed as a timely application for reconsideration under App.R. 26(A).
Appellant filed an action in the Court of Claims seeking damages from appellee, Ohio Penal Industries ("OPI"), for "unfair job termination, violation of administration rules, and violation of due process." Appellant, an inmate at North Central Correctional Institution in Marion, Ohio, sought $2,490 in damages based upon his alleged improper removal from an OPI job position by his supervisor. Because appellant sought damages of less than $2,500, the matter was determined administratively by the clerk of the Court of Claims, pursuant to R.C. 2743.10(A). On March 19, 1999, a lengthy and detailed memorandum decision was issued by the clerk, finding that appellant had not been improperly removed from his OPI job.
Appellant attempted to appeal the Court of Claims' decision to this court by filing a notice of appeal in the Court of Claims on April 21, 1999. In our judgment entry filed August 24, 1999, we dismissed appellant's appeal because administrative determination actions from the Court of Claims, under R.C.2743.10(D), are not appealable to this court.
The record also contains a praecipe to the Marion Municipal Court, and a letter of inquiry from appellant referencing a conflict in jurisdiction with the Marion Municipal Court. It is unclear from the record what relationship there is between any parallel action pending in the municipal court and the present action arising in the Court of Claims. To the extent that any appeal pending in this court has impeded jurisdiction in the municipal court, dismissal of the present appeal should resolve such conflict.
It is apparent from the text of appellant's "motion for rehearing" that he has not clearly understood reasons for our prior dismissal of his appeal. R.C. 2743.10 governs civil actions to be determined by the clerk of the Court of Claims. R.C.2743.10(A) provides as follows:
 (A) Civil actions against the state for two thousand five hundred dollars or less shall be determined administratively by the clerk of the court of claims, except that all civil actions against the state that have been removed to the court of claims shall be heard and determined by a judge of the court of claims.
R.C. 2743.10(D) provides:
 (D) Upon the motion of a party, the court of claims shall review the determination of the clerk upon his report and papers filed in the action, and enter judgment consistent with its findings. The judgment shall not be the subject of further appeal.
Appellant's action sought less than $2,500 in damages and was properly referred for administrative determination by the clerk of the Court of Claims, pursuant to R.C. 2743.10(A). This court does not have jurisdiction to entertain an appeal from that determination. R.C. 2743.10(D). There is, therefore, no basis to reconsider our prior Journal Entry dismissing appellant's appeal.
Appellant's motion for rehearing is accordingly denied.
Motion for rehearing denied.
TYACK and KENNEDY, JJ., concur.